```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                DIVISION OF ST. THOMAS AND ST. JOHN

GEORGE H.T. DUDLEY,                  )
                                     )
          Plaintiff,                 )
                                     )
          v.                         )     Civil No. 2016-25
                                     )
GOVERNMENT OF THE VIRGIN ISLANDS     )
SUPERIOR COURT,                      )
                                     )
          Defendants.                )
                                     )
                                     )
```

APPEARANCES:

**Lisa Michelle Komives**
Dudley Topper & Feurzeig
St. Thomas, U.S.V.I.
    *For George H.T. Dudley,*

**Paul L. Gimenez**
Superior Court of the Virgin Islands
St. Thomas, U.S.V.I.
    *For the Government the Virgin Islands Superior Court.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of George H.T. Dudley to remand this case to the Supreme Court of the Virgin Islands.

### I. FACTUAL AND PROCEDURAL HISTORY

On December 30, 2015, the Virgin Islands Department of Social Welfare filed a petition in the Superior Court of the

Virgin Islands for emergency custody of two minor children. In a January 4, 2016, order, the Superior Court of the Virgin Islands (the "Superior Court") appointed attorney George H.T. Dudley ("Dudley") to represent the mother of the minor children.

On February 3, 2016, Dudley filed a motion to withdraw as counsel in the Superior Court. On that same date, Dudley filed a document captioned "Notice of Appeal" (the "Notice of Appeal") in the Supreme Court of the Virgin Islands.

Dudley's Notice of Appeal purported to appeal the Superior Court's January 4, 2016, order appointing Dudley as counsel "pursuant to the collateral order doctrine recognized in *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541 (1949) and explained in *In re Holcombe*, 2015 V.I. Supreme LEXIS 39 (V.I. 2015)." *Notice of Appeal*, ECF No. 1, Exh. 1 at 1. In a footnote, Dudley asserted that he "may also request Supervisory Writs of Mandamus and/or Prohibition from [the Supreme Court of the Virgin Islands] with respect to the Superior Court's appointment of him." *Id.* at n.2. In his Notice of Appeal, Dudley asserted, among other things, that his appointment violated the Fifth Amendment and the Fourteenth Amendment of the United States Constitution.

On March 2, 2016, the Superior Court granted Dudley's motion to withdraw. On March 7, 2016, the Superior Court removed

Dudley's Notice of Appeal to this Court. On March 17, 2016, Dudley moved to remand the Notice of Appeal to the Supreme Court of the Virgin Islands.

## II.   DISCUSSION

Defendants may remove any civil action brought in a State or Territorial court "of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Ordinarily, a district court has jurisdiction "over civil actions arising under 'the Constitution, laws, or treaties of the United States' (federal question jurisdiction) and civil actions between citizens of different states with the amount in controversy exceeding the sum or value of $75,000 (diversity jurisdiction)." *Rockefeller v. Comcast Corp.,* 424 Fed. App'x 82, 83 (3d Cir. 2011) (quoting 28 U.S.C. §§ 1331, 1332(a)).

However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447. "The defendant, as the removing party asserting jurisdiction, bears the burden of showing that the case is properly in federal court." *Rohn & Carpenter, LLC v. Cameron,* Civ. No. 11-45(AET), 2011 WL 3687626, at *2 (D.V.I. Aug. 19, 2011) (citing *Frederico v. Home Depot,* 507 F.3d 188, 193 (3d Cir.2007)). "[R]emoval statutes are to be strictly construed against removal and all doubts should be

resolved in favor of remand." *In re Briscoe,* 448 F.3d 201, 217 (3d Cir.2006) (quoting *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir.1992)).

### III. ANALYSIS

The Superior Court purports to remove a custody proceeding after an ancillary matter--Dudley's appointment as counsel in that proceeding--has been appealed. Ordinarily "civil action[s]" over which federal district courts "have original jurisdiction" are removable by a defendant. *See* 28 U.S.C. § 1441(a). In addition, Section 1441(c), title 28 of the United States Code ("Section 1441"), "permits the defendant to remove the entire case when a federal claim is included in an otherwise nonremovable action." *See FirstBank Puerto Rico v. Gittens*, 466 F. Supp. 2d 614, 616-17 (D.V.I. 2006).

This case is outside of the heartland. First, the Superior Court purports to remove a Notice of Appeal that has been filed with the Virgin Islands Supreme Court. Second, the Notice of Appeal involves new parties--George H.T. Dudley and the Superior Court--that were not parties in the original action. Third, the original defendants are not involved.

Where, as here, irregularities are presented in a removal, the Court looks to its jurisdiction. *See Korea Exchange Bank v. Trackwise Sales Corp.,* 66 F.3d 46, 50 (3d Cir.1995) ("We

conclude therefore that an irregularity in removal of a case to federal court is to be considered 'jurisdictional' only if the case could not initially have been filed in federal court."). Accordingly, this Court must determine whether it has jurisdiction. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir.1999) ("A federal court has the obligation to address a question of subject matter jurisdiction sua sponte.").

The case at the center of the dispute before the Superior Court is *In re Z.S. and Z.T.*, Super. Ct. Custody No. ST-15-CS-23. *In re Z.S. and Z.T.* is a child custody dispute. Significantly, it is a matter that presents no federal question or other basis for the parties to have sued initially in federal court. Thus, the original action, on its face, is incapable of removal. That conclusion begs the question whether an ancillary matter--the appeal of the family court's appointment of counsel --imbues the original action with such substance that would transform the ancillary matter or the original action to an action capable of removal by a party that was neither a defendant nor a party in the original action.

The Court is unaware of any authority whatever that would transform the original action into a matter capable of removal; or imbue the ancillary matter with such form or substance that

makes it capable of removal.[1] The Court also is unaware of any authority discussing the propriety of removing a notice of appeal filed in a state or territorial appellate court to a federal district court, whether in the substantive or mandamus context.

Moreover, as a general matter, Section 1441 only authorizes defendants to remove a case to federal court. *See* 28 U.S.C. § 1441. More to the point, only "the original defendants against whom a plaintiff has asserted a claim" may remove a case to a district court. *See FirstBank Puerto Rico,* 466 F. Supp. 2d at 621; *see also First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 465 (6th Cir.2002) (holding that removal under section 1441(c) may only be done by the original defendant); *Lewis v. Windsor Door Co.,* 926 F.2d 729, 733 (8th Cir.1991) ("We do not ... believe § 1441(c) was intended to effect removal of a suit, not otherwise within federal jurisdiction, because of the

---

[1] Curiously, the caption of the original action has undergone a substantial metamorphosis. In the Superior Court, the caption was listed as *In re Z.S. and Z.T., Minors; People of the Virgin Islands v. Iesha Smith, Javaughn Hodge, and Devon Thomas, Respondents*. In the Virgin Islands Supreme Court notice of appeal of the family court order appointing Dudley, the caption was listed as *In re: George H.T. Dudley, Esq., Appellant; The People of the Virgin Islands, In re Z.S. and Z.T., Plaintiff/Interested Parties v. Iesha Smith, Javaughn Hodge, and Devon Thomas, Respondents/Interested Parties*. In this Court, the caption lists *Superior Court of the Virgin Islands, Petitioner v. George H.T. Dudley, Esq., Respondent; In re George H.T. Dudley, Esq.; The People of the Virgin Islands, In re Z.S. and Z.T. v. Iesha Smith, Javaughn Hodge, and Devon Thomas*. The current form of the caption is a creation of the parties' making. The Court is unaware of any authority that regards the designation therein as controlling the determination of whether the matter is capable of removal.

introduction of a third-party claim." (internal quotations omitted)); *Ballard's Serv. Ctr., Inc. v. Transue,* 865 F.2d 447, 449 (1st Cir.1989) ("Plaintiffs cannot remove, even when they are in the position of a defendant with regard to a counterclaim asserted against them.").

In *FirstBank Puerto Rico v. Gittens*, 466 F. Supp. 2d 614 (D.V.I. 2006), this Court was confronted with a notice of removal filed by a party that was neither a defendant nor a party in the original action. *Id.* at 566-67. In that case, third-party defendants, Chase Manhattan Bank and Chase Manhattan Bank Mortgage Corporation (collectively the "Chase Defendants"), removed a state action to this Court. *Id.* at 557. In declining to expand the scope of defendants who may remove an action beyond the defendants in the underlying action, this Court explained:

> Indeed, as other courts have explained, "the phrase 'the defendant or the defendants,' as used in § 1441(a), [must] be interpreted narrowly, to refer to defendants in the traditional sense of parties against whom the plaintiff asserts claims." *First Nat'l Bank of Pulaski v. Curry,* 301 F.3d 456, 462–463 (6th Cir.2002); *see also Fed. Ins. Co.,* 422 F.Supp.2d at 374 (citing *First Nat'l Bank of Pulaski* and comparing 28 U.S.C. § 1441 with 28 U.S.C. § 1452). While Congress could have broadened the reach of removal to all parties, it chose not to in section 1441. *Compare* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the *defendant* or the

> *defendants* . . . ." (emphasis added)); *and* 28 U.S.C. § 1446(a) ("A *defendant* or *defendants* desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." (emphasis added)); *with* 28 U.S.C. § 1452(a) ("A *party* may remove any claim or cause of action . . . [related to a bankruptcy case]." (emphasis added)).

*Id.* at 620.

Here, the underlying action is an emergency petition filed by the Virgin Islands Department of Social Welfare seeking custody of two minor children. The petition was filed in the Superior Court of the Virgin Islands. The Superior Court was not a defendant in that matter. Further, to the extent that the Superior Court may now be regarded as a nominal defendant to a petition for mandamus, the Superior Court is still not an "original defendant against whom [the] plaintiff . . . asserted a claim." *See id.* at 621.

The premises considered, it is hereby

**ORDERED** that the Dudley's motion to remand docketed at ECF Number 2 is **GRANTED**; it is further

**ORDERED** that this case is **REMANDED** to the Supreme Court of the Virgin Islands; it is further

**ORDERED** that the motion of the Virgin Islands Bar Association to intervene docketed at ECF Number 4 is **MOOT**; and it is further

*Dudley v. Government of the Virgin Islands Superior Court*
*Civil No. 2016-25*
*Order*
*Page 9*

      **ORDERED** that the motion of the Virgin Islands Bar Association to remand docketed at ECF Number 5 is **MOOT.**

                                                 S\_____
                                                   **CURTIS V. GÓMEZ**
                                                   **District Judge**